UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HARDEE GIRL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No. |
| v. ) | 1:16-CV-2481-SCJ |
| ) | |
| BELLEFIT, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT BELLEFIT, INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION TO TRANSFER**

**I.   This case should be dismissed because Bellefit is not subject to personal jurisdiction in Georgia.**

Hardee Girl cites general principles regarding jurisdiction and ignores the specific cases cited by Bellefit in its opening brief. Hardee Girl claims that Bellefit can be subject to general jurisdiction in Georgia based upon sales in Georgia and upon the fact that Bellefit has posted customer reviews on its website from customers in Georgia. The holding in *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2014), makes clear that these contacts are not sufficient to support the exercise of general jurisdiction. The Supreme Court stated

> [T]he inquiry under [*Goodyear Dunlop Tires,Operations, S.A. v. Brown*] is not whether a foreign corporation's in-forum contacts can be said to be in some sense "continuous and systematic," it is whether that corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *564 U. S., at ___, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796, 803*.

> Here, neither Daimler nor MBUSA is incorporated in California, nor does either entity have its principal place of business there. If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which MBUSA's sales are sizable. Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants "to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Burger King Corp.*, 471 U. S., at 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (internal quotation marks omitted).

*Daimler*, 134 S. Ct. at 761-62 (footnote omitted). This case makes clear that even "sizeable" sales in a State do not authorize the exercise of general jurisdiction over the seller in that State. There is no evidence in the record that Bellefit has the type of contacts with Georgia for the Court to conclude that Bellefit is "essentially at home in the forum State." Nor is there any reason to believe that discovery will uncover evidence of such contacts. Bellefit is not subject to general jurisdiction in Georgia.

The critical issue with regard to specific jurisdiction is whether Hardee Girl's claims arose from Bellefit's contacts with Georgia. Hardee Girl asserts that its claims arose from the sale of goods by Bellefit in Georgia and the sending of a cease and desist letter to Georgia.[1] In its opening brief, Bellefit cited authority holding that

---

[1] Hardee Girl claims that the posting by Bellefit on its website of reviews from customers in Georgia is a relevant contact with Georgia. The customer reviews are simply a byproduct of Bellefit's sales in Georgia. Hardee Girl also refers to a blog written by a person in Georgia that refers to Bellefit's products. It is hard to see how the actions of a third-party blogger in a forum state could subject a non-resident to

sending cease and desist letters does not subject a party to jurisdiction in a State. *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 Fed. Appx. 623 (11th Cir. 2010); *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 765-66 (2d Cir. 1983); *Am. Family Care, Inc. v. Righttime, Inc.*, Case No. 2:15-cv-01873-JEO, 2016 U.S. Dist. LEXIS 50208 at 7-11 (N.D. Ala. April 14, 2016). Bellefit also cited authority holding that sales in a State do not subject a party to the exercise of personal jurisdiction in a declaratory judgment action alleging unenforceability and non-infringement of trademarks. *Beacon Enterprises*, 715 F.2d at 765-66; *Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, 05 Civ 6893 (MBM), 2006 U.S. Dist. LEXIS 25880 at 23-26 (S.D.N.Y. May 2, 2006); *Electronic Realty Assocs., L.P. v. Paramount Pictures Corp.*, 935 F. Supp. 1172, 1176 (D. Kans. 1996). Hardee Girl does not discuss any of the cases cited in Bellefit's brief or cite to any contrary authority.

The forum-related conduct at issue here is the assertion by Bellefit of its trademark rights. Hardee Girl states on page 8 of its brief that "Bellefit's alleged right to prevent Hardee Girl from using its marks in Georgia, where it is principally located, is at the heart of the instant litigation and is adequately related to Bellefit's claimed injury, and Hardee Girl's claimed relief." But this "alleged right to prevent

---

jurisdiction in that State, especially when the cause of action has nothing to do with the statements in the blog.

Hardee Girl from using its marks in Georgia" was the basis for Bellefit's demand that Hardee Girl cease and desist infringing upon Bellefit's trademarks. If the cease and desist letters cannot be the basis for exercising personal jurisdiction, then the assertion of rights they represent also cannot be the basis for exercising personal jurisdiction. This Court does not have personal jurisdiction over Bellefit. The complaint should be dismissed.

### II. If this case is not dismissed for lack of personal jurisdiction, the case should be transferred under the first-to-file rule.

Hardee Girl argues that the Court should treat Bellefit's request to transfer the case as a motion to transfer under 28 U.S.C. § 1404. Bellefit did not move to transfer under this statute. It cited to case law under the "first filed" rule as the basis for its request to transfer. *See Marietta Drapery & Window Coverings Co. v. N. River Ins. Co.*, 486 F. Supp. 2d 1366, 1368-69 (N.D. Ga. 2007). Hardee Girl does not dispute that the California action is the first-filed action. Accordingly, if this Court does not dismiss this case for lack of personal jurisdiction, it should transfer the case to the United States District Court for the Southern District of California so that court can determine where or how the case should be resolved.

Respectfully submitted this 2nd day of September, 2016.

        STANFORD IO LAW GROUP LLC

        */s/ Steven W. Hardy*
        Steven W. Hardy
        Georgia Bar No. 325910

        3343 Peachtree Road NE, Suite 230
        Atlanta, GA 30326
        Telephone:  404-991-7300
        Facsimile:  404-420-2869
        swhardy@siolaw.com

        Attorneys for Defendant Bellefit, Inc.

## **CERTIFICATION OF TYPE FONT AND SIZE**

Pursuant to LR 7.1D, the undersigned hereby certifies that the foregoing document was composed in Times New Roman 14 point font.

        STANFORD IO LAW GROUP LLC

        */s/ Steven W. Hardy*
        Steven W. Hardy
        Georgia Bar No. 325910

        3343 Peachtree Road NE, Suite 230
        Atlanta, GA 30326
        Telephone:  404-991-7300
        Facsimile:  404-420-2869
        swhardy@siolaw.com

        Attorneys for Defendant Bellefit, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **HARDEE GIRL, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Civil Action File No.** |
| v. ) | **1:16-CV-2481-SCJ** |
| ) | |
| **BELLEFIT, INC.,** ) | |
| ) | |
| Defendant. ) | |

### CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of September, 2016, I filed the foregoing *Defendant Bellefit, Inc.'s Reply Brief in Support of Its Motion to Dismiss or, in the Alternative, Motion to Transfer* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

David F. Guldenschuh
Law Offices of David Guldenschuh
512 East First Street
P.O. Box 3
Rome, Georgia 30162-0003
dfg@guldenschuhlaw.com

Frank A. Mazzeo
Beth Anne Powers
Ryder, Lu, Mazzeo & Konieczny LLC
808 Bethlehem Pike, Suite 200
Colmar, PA 18915
fmazzeo@ryderlu.com
bpowers@ryderlu.com

　　　　　　　　*/s/ Steven W. Hardy*
　　　　　　　　Steven W. Hardy